OPINION
Movant-appellant John D. Hayes appeals from an order of the trial court denying his motion to hold respondent-appellee Beth Ann Hayes, nka Ankrom, in contempt. Hayes contends that the trial court erred when it construed Ankrom's obligations, pursuant to the dissolution decree, concerning a leased automobile, to be void ab initio because of language in the lease. Hayes also contends that the trial court erred when it permitted Ankrom to testify, over objection, concerning statements made to her by the lessor of the automobile.
We conclude that Ankrom's undisputed testimony established that she was in substantial compliance with her obligations under the dissolution decree, in that she did everything reasonably within her power to effectuate its terms. Although the decree ultimately requires her to indemnify Hayes with respect to his obligations to the lessor of the automobile, the amount of this indemnification was not ascertainable at the time of the hearing. Accordingly, the trial court did not err in failing to order indemnification.
Finally, Ankrom's testimony concerning statements made to her by the lessor was offered not to prove the truth of the statements, but to prove that she was in substantial compliance with her obligations under the dissolution decree. Accordingly, the trial court properly overruled objections to the admissibility of that testimony.
The judgment of the trial court is Affirmed.
 I
The parties petitioned for dissolution of their marriage. They entered into a separation agreement, which was ultimately incorporated into their dissolution decree. One of the paragraphs of that separation agreement is as follows:
 Wife shall receive the 1997 Neon subject to the Lease to [sic] Provident Bank. Within sixty (60) days of the signing of the Separation Agreement, Wife shall do whatever is necessary to have Husband released from any and all liability on such Lease and have the obligation for that Lease as well as the ownership interest in the asset transferred to her sole and separate name. Husband shall cooperate in any and all matters necessary to complete this transaction. In the event that Wife is unable to have Husband released from all liability associated with this Lease, the vehicle shall be sold no later than one hundred (100) days from the signing of this document or shall be turned in, with Wife to pay any and all deficiencies or penalties associated with the early termination of this Lease.
Ankrom works as a waitress, at a minimum wage, plus tips. She testified that when she endeavored to cause the lease to be transferred into her name, with Hayes being released from his obligations under the lease, an agent from the Provident Bank informed her that she lacked sufficient creditworthiness, so that the lease could not be transferred. She testified that she then made an effort to sell the Neon, but was unsuccessful. Hayes indicated that he, also, made an effort to sell the car.
Finally, Ankrom contacted Provident Bank concerning turning the car in, but was informed that she would have to leave it at Hayes' address, where Provident Bank would repossess it. Both parties testified that this was done, that the car was repossessed by Provident Bank, but that the Bank had not yet asserted a deficiency after the sale of the car at auction.
Following a hearing before a magistrate, the magistrate filed a decision. Although the decision touched upon other contested matters, none of those are at issue in this appeal. Concerning the issue in this appeal, the magistrate ruled as follows:
 The separation agreement of January 12, 1998, under "automobiles", contains the parties' agreement at to [sic] a leased 1997 Neon.
 The evidence shows Defendant Ankrom has not done what the separation agreement stated with respect to this vehicle.
 After the hearing, the Magistrate ordered that a copy of the leased agreement for the aforesaid vehicle be submitted because the parties agreement states "subject to the lease". It is admitted into evidence that exhibit 3.
The lease is solely in the name of Defendant Hayes.
 The lease in many places i.e. at provisions 17, 18d and 18h, specifically forbids the parties from doing what they did in the separation agreement. Therefore, this part of the parties agreement was void at inception.
There is no contempt here.
Hayes objected to the denial of his motion to hold Ankrom in contempt, but the trial court overruled his objections, and adopted the decision of the magistrate. From the decision of the trial court denying his motion to hold Ankrom in contempt, Hayes appeals.
 II
Hayes's First Assignment of Error is as follows:
 THE COURT ERRED IN FINDING THAT THE AGREEMENTS OF THE PARTIES WERE IN VIOLATION OF THE LEASE AGREEMENT WITH PROVIDENT BANK.
Unfortunately, although it appears that the lease agreement was received in evidence after being submitted by the parties following the hearing, we cannot find it in our record. However, we find the lease agreement to be unnecessary to our decision. We have reviewed the transcript of the testimony, and it is uncontradicted that Ankrom made every reasonable effort to cause the lease to be transferred into her name, with Hayes being released from further obligations under the lease, but was unable to do so. Ankrom's uncontradicted testimony further establishes that she then made efforts to sell the car, but was unable to do so. Her uncontradicted testimony then establishes that she was prepared to return the car to the Provident Bank, but was told that she must take the car to Hayes's address, where Provident Bank would repossess it. Both parties testified that the car was repossessed.
In our view, Ankrom's uncontradicted testimony establishes that she complied with her obligation, pursuant to the dissolution decree, first to attempt to transfer the lease into her name and release Hayes, and then, if that were to prove impossible, to sell the car. In the alternative, if that should prove impossible, the dissolution decree required that Ankrom turn the car in, and pay any and all deficiencies or penalties associated with the termination of the lease. Ankrom complied, at least substantially, with this provision. She was told by Provident Bank not to bring the car down to its office, but to leave the car at Hayes's address, where the Bank would repossess it. She did so, and the car was repossessed. Thus, accordingly to Ankrom's uncontradicted testimony, some of which was corroborated by Hayes's testimony, she did what the dissolution decree required of her. Furthermore, she acknowledged, at the hearing, that she would be responsible for any deficiency obligation incurred by Hayes on the lease. Hayes offered an exhibit reflecting a total of $13,729, which included a lease payoff balance in the amount of $13,254, a cost to prepare the vehicle for sale in the amount of $75, and the expenses of retaking and storing the vehicle in the amount of $400. This total figure, $13,729, was identified as the amount that Hayes had to pay to redeem the car. If he failed to do so, the car would be sold at auction on August 4, 1998. The hearing before the Magistrate was on August 11, 1998, and neither party offered evidence concerning the proceeds of the auction sale, without which Hayes's deficiency obligation could not be computed.
In our view, albeit for different reasons, the trial court correctly found that Ankrom was not in contempt. Furthermore, it was premature to determine the amount of any indemnification that Ankrom would be obliged to pay to Hayes.
Hayes's First Assignment of Error is overruled.
 III
Hayes's Second Assignment of Error is as follows:
 THE COURT ERRED IN FAILING TO ISSUE REMEDIAL ORDERS FOR APPELLEE'S FAILURE TO PAY THE DEBT OBLIGATIONS FOR THE EARLY TERMINATION OF THE LEASE, AS DIRECTED IN THE SEPARATION AGREEMENT.
We have reviewed the transcript of the hearing before the Magistrate, in which Ankrom was permitted to testify, over objection, concerning statements made to her by Provident Bank. We are satisfied that those statements were not offered to prove the truth thereof, but were offered to prove Ankrom's compliance with her obligations under the dissolution decree. The statements made to her by an agent of Provident Bank may have been totally inaccurate; they may even have been deliberate falsehoods. That is immaterial, however, since, if Ankrom's testimony is believed, they reflect her compliance with her obligations under the dissolution decree. Accordingly, those statements were not hearsay, and were properly admitted in evidence. Evid. R. 801(C).
Hayes's Second Assignment of Error is overruled.
 IV
Both of Hayes's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and KOEHLER, JJ., concur.
(Honorable Richard N. Koehler, Retired from the Twelfth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Valerie R. Wilt, Cathy J. Weithman, Hon. Roger Wilson